FILED - KZ
June 18, 2025 1:36 PM
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
 mg   Scanned by /mj/6/18/25

# UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**1:25-cv-673**
**Jane M. Beckering**
U.S. District Judge

JAMES DEWAYNE ASHLEY,
Plaintiff,

v.

CITY OF BATTLE CREEK, et al.,
Defendants.

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(42 U.S.C. § 1983)
Pro Se Plaintiff – Jury Trial Demanded

### I. JURISDICTION AND VENUE

1. This is an action brought under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Calhoun County, Michigan, which is within the Western District of Michigan.

### II. PARTIES

4. Plaintiff, James Dewayne Ashley, is a resident of Battle Creek, Michigan.

5. Defendants include multiple law enforcement officers, legal representatives, private citizens, and staff of Summit Pointe Mental Health Services, all named in the attached exhibit index and summons list.

6. All public employees are sued in both their individual and official capacities, and private citizens are named as co-conspirators under relevant state tort law.

### III. STATEMENT OF FACTS

7. On April 18, 2025, Plaintiff was falsely arrested and charged based on fabricated evidence without a valid warrant.

8. Plaintiff explicitly invoked his right to counsel during a phone call with Officer Fields and his partner but was ignored, and charges were filed anyway.

9. Plaintiff was jailed, had DNA taken without consent by Officer Fields, and was injected without informed consent while in custody.

10. False and misleading police reports were submitted by Officer Belson and others, misrepresenting text message evidence.

11. Plaintiff was denied access to discovery materials by Kimberly Wickham and received ineffective assistance from public defender Jordyn DuPuis.

12. Private citizens Cristasia Payne and Mahalia Hill spread defamatory accusations that destroyed Plaintiff's reputation and business.

13. Plaintiff's photography studio was closed due to public backlash and economic damage caused by the arrest and defamation.

14. Plaintiff was coerced into participating in mental health programs through Summit Pointe under threat of reincarceration.

15. On May 28, 2025, all charges were dismissed via a Motion for Nolle Prosequi.

16. Plaintiff has assembled and submitted a Master Exhibit Binder, labeled Exhibits A through Q, containing over 100 pages of primary source documentation, sworn affidavits, official court records, and digital evidence. These exhibits directly support each factual and legal claim presented in this Complaint.

## IV. CLAIMS FOR RELIEF

Count I – False Arrest and Imprisonment (Fourth Amendment)

Count II – Malicious Prosecution

Count III – Denial of Due Process and Counsel (Fifth and Sixth Amendments)

Count IV – Abuse of Process

Count V – Civil Conspiracy

Count VI – Defamation and Intentional Infliction of Emotional Distress

Count VII – Monell Claim – Failure to Train and Supervise (City of Battle Creek)

Count VIII – Coerced Mental Health Evaluation (Fourteenth Amendment)

Count IX – Involuntary Medical Procedure and DNA Collection Without Consent (Fourteenth Amendment)

## V. DAMAGES

As a direct and proximate result of the Defendants' actions, Plaintiff James Dewayne Ashley has suffered severe and lasting harm, including but not limited to:

- Loss of liberty and unlawful incarceration
- Public humiliation, defamation, and reputational destruction
- Loss of business income and permanent closure of a photography studio
- Interruption of professional pursuits, including video production and mentorship
- Emotional distress, anxiety, humiliation, and psychological trauma
- Coerced medical and mental health procedures under threat of incarceration
- Unlawful collection of DNA and non-consensual injection while in custody

Plaintiff's livelihood, reputation, mental health, and future earning capacity have been fundamentally and irreversibly damaged.

Accordingly, Plaintiff respectfully requests:

- Compensatory Damages in the amount of $2,500,000 for economic losses, emotional harm, reputational injury, and related damages;
- Punitive Damages in the amount of $2,500,000 to punish the Defendants for their misconduct and to deter similar actions in the future;
- Declaratory Relief affirming that Plaintiff's constitutional rights were violated;

- Injunctive Relief as appropriate, including orders to correct or expunge wrongful records or halt further retaliation.

These damages reflect the serious and ongoing impact of the Defendants' actions and the need for full and fair redress under federal civil rights law.

## VI. JURY DEMAND
The plaintiff demands a jury trial on all issues triable by a jury.

## VII. EXHIBITS
Plaintiff submits a Master Exhibit Binder labeled Exhibits A–Q in support of this Complaint, with a full exhibit index provided.

Plaintiff is willing to participate in early mediation or a pretrial settlement conference, as authorized by the Court, to explore resolution options.

Respectfully submitted,

James Dewayne Ashley
59 23rd Street S
Battle Creek, MI 49015
(765) 618-7667

Dated: 6/18/2025        *James Ashley*